IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAMES ELWOOD KING, JR., <br> TDCJ-CID No. 02143400, <br><br> Plaintiff, <br><br> v. <br><br> NFN LAMBERT, <br><br> Defendant. | § § § § § § § § § § § § 2:17-CV-205-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff James Elwood King, Jr., acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, filed suit against the above-referenced Defendant pursuant to 42 U.S.C. § 1983. Plaintiff has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is DISMISSED with prejudice.

### FACTUAL BACKGROUND

Plaintiff asserts that from October 11, 2016 through February 6, 2017, while a pretrial detainee awaiting trial in Comanche County, Texas, Comanche County Jail officials denied him access to the law library. ECF No. 3, at 4. Plaintiff asserts that again on June 21, 2017 through July 31, 2017, the same officials denied him access to the law library while he was attempting a direct appeal of his criminal conviction. *See id.*

Plaintiff sues Defendant NFN Lambert, the Comanche County Sheriff, for the failures of

1

the county, in that he is responsible for the policy to deny county inmates access to the law library if they have counsel to represent them in their criminal cases. *See id.* Plaintiff claims that his counsel, Tommy Adams, did not file relevant motions, did not stay in contact with the Plaintiff, and did not adequately investigate Plaintiff's case or appeal. *Id.* As such, Plaintiff claims he was prejudiced by the denial of access to the law library. *Id.*

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

2

may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotations omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). He must identify the nonfrivolous, arguable underlying claim. *Id.*

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Degrate v. Godwin*, 84 F.3d 768, 768–69 (5th Cir. 1996) (emphasis added) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). The inability to assist an attorney by conducting legal research does not result in the denial of meaningful access-to-the-courts. *See id.* If a defendant has an attorney assigned to his criminal case, he has no constitutional right of access to a law library in preparing his defense. *See Degrate*, 84 F.3d at 768–69. Here, Plaintiff acknowledges by his Complaint that he was represented by attorney Tommy Adams. ECF No. 3, at 4. Despite Plaintiff's claims of the deficiencies of his counsel, these claims do not affect the liability of the county jail officials who denied him access to the law library based on Plaintiff's representation by counsel. Plaintiff must

3

bring claims of deficient counsel through a state habeas action, and not claims for compensatory damages. Additionally, Plaintiff has not asserted a "relevant actual injury" regarding his criminal appeal. *See Lewis*, 518 U.S. at 351. Accordingly, Plaintiff's claim is frivolous.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is ORDERED that the Civil Rights Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be DISMISSED with prejudice as frivolous.

**SO ORDERED.**

November 5, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE